UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SALVATORE A. DEMARIA and NIDHAL N. DEMARIA,
Plaintiffs,

v.

FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,
Defendant.

Case No.: 17-cv-00539-AJB-BGS

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**

**(Doc. No. 96)**

Before the Court is Plaintiffs' motion for attorneys' fees, costs, and expenses. (Doc. No. 96.) Defendant FCA US LLC ("FCA") opposed the motion. (Doc. No. 101.) For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion, with a reduction of fees as set forth in detail below.

## I. BACKGROUND

This case arises out of the purchase of a new 2011 Jeep Grand Cherokee ("the Vehicle") for a sales price of $38,506.24. The Vehicle was manufactured and distributed by Defendant FCA US LLC, which provided a written warranty with the Vehicle. Within the applicable warranty period, the Vehicle exhibited repeated engine and electrical issues. Despite numerous attempts by FCA to fix Plaintiffs' Vehicle, the problems persisted. Plaintiffs eventually contacted FCA customer service in February 2012 and November

2015 and requested FCA repurchase the Vehicle. FCA rejected Plaintiffs' request both times. Plaintiffs filed their Complaint in San Diego Superior Court on August 3, 2016, alleging violations of the Song-Beverly Act and fraudulent concealment. The action was removed to this Court on March 17, 2017. On September 13, 2019, the parties filed a joint settlement. On January 14, 2020, Plaintiffs filed their motion for attorneys' fees, costs, and expenses, and FCA opposed the motion. (Doc. Nos. 96, 101.) This order follows.

## II. LEGAL STANDARD

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also Mangold v. Cal. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (noting that in a diversity action, the Ninth Circuit "applied state law in determining not only the right to fees, but also in the method of calculating the fees").

As explained by the Supreme Court, "[u]nder the American Rule, 'the prevailing litigant ordinarily is not entitled to collect a reasonable attorneys' fee from the loser.'" *Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 448 (2007) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, a statute allocating fees to a prevailing party can overcome this general rule. *See id.* (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)). Under California's Song-Beverly Act, a prevailing buyer is entitled "to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 794(d).

The Song-Beverly Act "requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended, and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor America*, 31 Cal. App. 4th 99,

104 (1994). The court may consider "factors such as the complexity of the case and procedural demands, the skill exhibited, and the results achieved." *Id.* If the court finds the time expended or fee request "is not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." *Id.* "A prevailing buyer has the burden of showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" *Id.* (quoting *Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal. App. 4th 807, 816 (1992)); *see also Goglin v. BMW of North America*, LLC, 4 Cal. App. 5th 462, 470 (2016) (same). If a fee request is opposed, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal. App. 4th 550, 564 (2008). Rather, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive. *Id.* at 562, 564; *see also Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("[t]he party opposing the fee award can be expected to identify the particular charges it considers objectionable").

**III. DISCUSSION**

As prevailing buyers, Plaintiffs are entitled to an award of fees and costs under the Song-Beverly Act. *See* Cal. Civ. Code § 1794(d); *see also Goglin*, 4 Cal. App. 5th at 470. Here, Plaintiffs move the Court: (1) for an award of attorneys' fees pursuant to California Civil Code § 1794(d) under the "lodestar" method in the amount of $58,332.50,[1] (2) for a "lodestar" modifier of 0.5 under California law, in the amount of $29,166.25, and (3) to award actual costs and expenses incurred in the amount of $29,264.30. Plaintiffs request a total of $116,763.05 in attorney's fees, costs, and expenses. (Doc. No. 96-1 at 7.) FCA acknowledges Plaintiffs are entitled to recover attorneys' fees and costs, but argues the amount requested is unreasonable and should be reduced. (Doc. No. 101 at 6.)

//

[1] This total amount is slightly modified from Plaintiffs' briefing to account for the actual time Plaintiffs' counsel spent on drafting the reply brief in support of the motion for attorneys' fees.

**A. Plaintiffs' Motion for Attorneys' Fees**

First, Plaintiffs seek $36,647.50 for work completed by the Knight Law Group ("KLG") and $21,685.00 for work completed by KLG's co-counsel, Wirtz Law. (Doc. No. 96-1 at 13.) This totals $58,332.50 in attorneys' fees for both law firms.

**1. Hours Worked by Counsel**

A fee applicant must provide time records documenting the tasks completed and the amount of time spent. *See Hensley v. Eckerhart*, 461 U.S. 424, 424 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). Under California law, a court "must carefully review attorney documentation of hours expended" to determine whether the time reported was reasonable. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (quoting *Serrano v. Priest*, 20 Cal.3d 25, 48 (1977)). Thus, evidence provided by the fee applicant "should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). The court must exclude "duplicative or excessive" time from its fee award. *See Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 161 (2006); *see also Ketchum*, 24 Cal. 4th at 1132 (stating "inefficient or duplicative efforts [are] not subject to compensation").

The billing records submitted by KLG indicate that its attorneys expended 96.3 billable hours on this case, while Wirtz Law billed 57.10 hours to the matter. (*See* Doc. No. 96-2 at 38; Doc. No. 96-3 at 15.) FCA objects to the reported hours, arguing there was duplication, as well as other excessive rates or time billed. (Doc. No. 101 at 6–12.) In particular, FCA lists numerous objections where billing entries were either excessive, duplicative, or included clerical work. The Court will address each objection below:

- FCA disputes three entries totaling $1,210.00 billed by KLG for what Plaintiffs' counsel offers to the public as a "free evaluation." (Doc. No. 101 at 8.) FCA maintains these entries are undated, and there is no evidence that a fee agreement was even in place when these tasks occurred. (*Id.*) The Court

agrees with FCA and in its discretion, will exclude $700.00 from KLG's recoverable fees.

- FCA next takes issue with the $277.50 billed by KLG for work related to Defendant Peck Jeep Eagle. (Doc. No. 101 at 8.) FCA argues there is no reasonable basis for FCA to reimburse Plaintiffs' counsel for work related to a different defendant who was eventually dismissed. The Court agrees with FCA's position and will accordingly reduce KLG's fees by $277.50.
- FCA objects to the $1,890.99 billed by attorney Amy Morse of KLG for the 5.4 hours spent drafting written discovery. FCA contends Plaintiffs' counsel propounds the same discovery requests in every lemon law action KLG brings against FCA on behalf of different plaintiffs. (Doc. No. 101 at 8.) While Plaintiffs argue these amounts are reasonable, the Court agrees with FCA that these amounts are slightly excessive particularly given that Amy Morse is a partner at KLG, and this level of work should primarily consist of adapting templates. Thus, the Court, in its discretion, will reduce KLG's recoverable fees by $900.00.
- Similarly, FCA challenges the $2,625.00 billed by Amy Morse for 7.5 hours spent reviewing and analyzing FCA's "responses to Plaintiffs' boilerplate discovery requests." (Doc. No. 96-2 at 32.) As noted above, this amount is unreasonable given that Amy Morse is a partner, and this case is a standard lemon law case. Thus, the Court will reduce KLG's fees by $1,300.00.
- In FCA's next objection, FCA opposes the $1,755.00 billed by attorney Alistair Hamblin of KLG for drafting Plaintiffs' motion to remand, which was ultimately denied. (Doc. No. 101 at 9.) Because the Court denied the motion, and because the motion would have been a template-driven exercise, the Court will reduce KLG's fees by $1,755.00. *See Ferrigno v. Philips Elecs. N. Am. Corp.*, No. C-09-03085 RMW, 2009 WL 10692955, at *5 (N.D. Cal. Nov. 5,

2009) ("Plaintiff seeks to recover reasonable attorneys' fees incurred as a result of litigating against defendants' removal. [] Plaintiff's motion is denied. Because the court has denied the motion to remand, there is no basis upon which to award attorneys' fees.").

- FCA points out attorney Kristina Stephenson-Cheang of KLG billed $112.50 for reviewing a memorandum of Barbara Luna's deposition. However, Barbara Luna's deposition occurred at a later date, on April 6, 2018. (Doc. No. 101 at 9.) Plaintiffs explain the description inadvertently stated the wrong deponent, and the description should have named Philip C. (Doc. No. 103 at 5.) As such, Plaintiffs' counsel may recover this amount.
- FCA seeks for the Court to exclude $400.00 from KLG's fees. (Doc. No. 101 at 9.) FCA explains attorney Kirk Donnelly of KLG billed $4,280.00 for 10.7 hours spent attending Plaintiffs' depositions, including travel. (*Id.*) Because KLG block-billed, it is unclear how much of the time was spent on travel versus conducting the deposition. The deposition transcripts, however, indicate that the total combined deposition time for both Plaintiffs was less than five hours. (*Id.*) Thus, FCA speculates that two hours was spent traveling to and from the deposition based on the mileage indicated on the Bill of Costs. FCA argues that courts routinely reduce the amount recoverable for travel by half, and thus, the Court should reduce the fees by $400.00. This amount represents one hour of travel time at $400/hr. The Court mostly agrees with FCA, but in its discretion, will reduce KLG's fees by $200.00 to ensure a reasonable rate for travel time. *See In re Washington Public Power Supply Sys. Dec. Lit.*, 19 F.3d 1291, 1298–99 (9th Cir. 1994).
- Similarly, attorney Christopher Swanson of KLG billed $3,412.50 for 9.1 hours attending the deposition of Plaintiffs' expert Anthony Micale, including preparation and drafting a memorandum. (Doc. No. 101 at 10.) Because KLG

block-billed this time, it is unclear much how of the time was spent on travel versus on the deposition, preparation, or deposition. In its discretion, the Court will instead reduce KLG's fees by $200.00 to ensure a reasonable rate for travel time.

- FCA seeks for the Court to exclude the $4,274.00 total billed by attorney Kristina Stephenson-Cheang of KLG for spending significant time reviewing and summarizing depositions for which different attorneys had taken the depositions, and had already drafted memoranda. (Doc. No. 101 at 9–10.) To account for any duplication in effort, the Court will reduce $2,000.00 from KLG's fees.
- Next, FCA disputes (1) the $440.00 billed by partner Steve Mikhov of KLG for "reviewing and auditing and billing," (2) the $220.00 billed by paralegal Rebecca Evans of Wirtz Law for bates-stamping, (3) the $40.00 billed by paralegal Rebecca Evans of Wirtz Law for printing and assembling motions in limine, and (4) the $225.00 billed by Erin Barns of Wirtz Law for "reviewing and auditing and billing." (Doc. No. 101 at 11. ) The Court agrees that Plaintiffs' counsel may not be compensated for purely clerical and administrative tasks. *See Castillo-Antionio v. Iqbal*, 2017 WL 1113300, at *7 (N.D. Cal. Mar. 24, 2017). Thus, these amounts will be excluded from KLG and Wirtz Law's fees.
- FCA also seeks for the Court to exclude the $225.00 billed by partner Amy Rotman of Wirtz Law for attending a pretrial conference for which Richard Wirtz was already in attendance. (Doc. No. 101 at 11.) The Court finds that this rather small amount is not entirely unreasonable, and two attorneys in attendance is not necessarily excessive to keep track of the numerous cases being handled by Plaintiffs' counsel in the litigation against FCA. Therefore, this amount may be recovered.

- FCA takes issue with the time billed to draft the briefs in support of Plaintiffs' motion for attorneys' fees. First, Wirtz Law billed $1,755.00 for drafting the instant fee motion. (Doc. No. 101 at 11.) Because the motion is largely a template-driven activity, the Court will reduce Wirtz Law's recoverable fees by $700.00 for the work completed on the motion. As to the reply brief, Wirtz Law billed $4,050 to draft the brief. (Doc. No. 103-3 at 2.) Because counsel has an abundance of experience in drafting replies in lemon law matters, and because the work should have been at least partially template-driven, the Court will reduce the amount recoverable for the reply brief by $2,000.00. Finally, Wirtz Law may not be compensated $1,350.00 for the "anticipated" time for traveling to and appearing for the hearing on instant fee motion. The hearing on this motion was vacated by the Court in its conclusion that the matter was suitable for determination on the papers. (Doc. No. 104.)
- Lastly, FCA advocates for a 20% reduction for all time spent on Plaintiffs' fraud claim, explaining that Plaintiffs did not recover on this claim. (Doc. No. 101 at 11–12.) However, FCA cites no authority allowing the Court to reduce counsel's fees simply because a certain claim was not factored into a settlement. As such, the Court declines to reduce counsel's fees.

In summation, KLG's total recoverable fee amount is reduced by $5,772.50. This brings KLG's recoverable fees down to a total of $30,875.00. Wirtz Law's fees are reduced by $4,515.00. This places Wirtz Law's fees to a total of $17,170.00.

**2. Hourly Rates**

FCA next argues Plaintiffs fail to offer any evidence to support the hourly rates of their counsel for lemon law work. (Doc. No. 101 at 12.) However, the Court is satisfied with the bases for Plaintiffs' counsels' hourly rates. Particularly, Plaintiffs provide ample evidence, including surveys of the hourly rates of similar attorneys with similar experience and qualifications. (Doc. No. 96-3 at 18.) Thus, the Court finds the rates cited for all

attorneys supported by evidence and reasonable.

### 3. Lodestar Calculation

The lodestar method calculates attorneys' fees by "by multiplying the number of hours reasonably expended by counsel on the particular matter times a reasonable hourly rate." *State of Fla. v. Dunne*, 915 F.2d 542, 545 n.3 (9th Cir. 1990) (citing *Hensley*, 461 U.S. at 433); *see also Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016).

| LAW FIRM | LEGAL PROFRESSIONAL | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **Knight Law Group** | Alastair Hamblin | 14.8 | $325 | $4,810.00 |
| | Amy Morse | 18.3 | $350 | $6,405.00 |
| | Asa O. Eaton | 2.5 | $225 | $562.50 |
| | Christopher Swanson | 9.2 | $375 | $3,450.00 |
| | Kirk Donnelly | 15.2 | $400 | $6,080.00 |
| | Kristina Stephenson-Cheang | 22.6 | $375 | $8,475.00 |
| | Russell Higgins | 6.7 | $450 | $3,015.00 |
| | Steve Mikhov | 7.0 | $550 | $3,850.00 |
| **Knight Law Group Total** | | | | $36,647.50 |
| | | | | |
| **Wirtz Law** | Richard M. Wirtz | 6.6 | $650 | $4,290.00 |
| | Jessica R. Underwood | 0.2 | $400 | $80 |
| | Andrea Munoz | 3.1 | $200 | $620.00 |
| | Rebecca Evans | 18.0 | $200 | $3,600.00 |
| | Amy R. Rotman | 12.70 | $450 | $5,715.00 |
| | Erin K. Barns | 16.40 | $450 | $7,380.00 |
| **Wirtz Law Total** | | | | $21,685.00 |
| **TOTAL** | | | | **$58,332.50** |

Here, with no adjustments to the reasonable hourly rates and time, the total amount of fees for both KLG and Wirtz Law is $58,332.50. Taking into account the previously noted reductions, the total lodestar amount is $30,875.00 for KLG's fees and $17,170.00 for Wirtz Law's fees. Therefore, Plaintiffs' counsels' total lodestar amounts is **$48,045.00.**

### 4. Application of a Multiplier

Once a court has calculated the lodestar, "it may increase or decrease that amount

by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Laffitte,* 1 Cal. 5th at 504 (citation omitted); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (indicating the court may adjust the fee award considering "the following factors: (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award.").

Here, Plaintiffs seek a 0.5 multiplier based on the risk of taking this case on a contingent fee basis, the substantial costs advanced, the result achieved, and the delay in payment. (Doc. No. 96-1 at 16.) Significantly, however, this case did not present particularly novel or difficult questions of law or fact. Indeed, the issues related to the alleged defect in FCA's vehicles were addressed in *Velasco, et al. v. Chrysler Group LLC*, Case No. 2:13–cv–08080–DDP–VBK and *Hall v. FCA US LLC*, Case No. 1:16-cv-0684-JLT. Thus, the issues presented in this action were not uniquely complex. *See Steel v. GMC,* 912 F. Supp. 724, 746 (N.J. Dist. 1995) ("the issues in lemon law litigation are not complex and do not require a significant amount of legal analysis or novel pleading"). Additionally, it is highly unlikely that the litigation of this specific case precluded counsel, as lemon law attorneys, from taking on other matters. Finally, the Court finds the contingent nature of the fee award is outweighed by the other factors, especially in this action where the disputed facts and issues to be resolved were minimal. Indeed, there was nothing unusual about this case that would put counsel at great risk for accepting the matter on a contingent basis. Accordingly, the Court declines to award a multiplier and finds the lodestar amount of $48,045.00 as reasonable.

**B. Plaintiffs' Request for Costs**

Plaintiffs request costs in the amount of $29,264.30 in this instant motion for attorneys' fees. (Doc. No. 96-1 at 23.) FCA states it will contest Plaintiffs' purported costs and expenses after Plaintiffs properly refile their Bill of Costs in compliance with the Local

Rules. (Doc. No. 101 at 6.) The Clerk of Court had directed that Plaintiffs' "Bill of Costs must be filed within fourteen days after entry of judgment." (Doc. No. 98.) As such, the Court will defer ruling on Plaintiffs' cost at this time. Plaintiffs are to refile their Bill of Costs after entry of judgment.

## IV. CONCLUSION

Based upon the foregoing, the Court **ORDERS** as follows:

1. Plaintiffs' motion for fees is **GRANTED** in the modified amount of **$48,045.00**; and

2. Plaintiffs must **REFILE** their Bill of Costs in accordance with Local Rule 54.1.

**IT IS SO ORDERED.**

Dated: November 25, 2020

Hon. Anthony J. Battaglia
United States District Judge